IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § | CHAPTER 11 CASE |
| AGE REFINING, INC. | § § | CASE NO. 10-50501 |
| Debtor. | § | |

**APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF COX SMITH MATTHEWS INCORPORATED AS ATTORNEYS FOR THE DEBTOR**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

AGE Refining, Inc., the debtor and debtor-in-possession (the "Debtor") in the above captioned case (the "Case"), hereby files this *Application for Approval of the Employment of Cox Smith Matthews Incorporated as Attorneys for the Debtor* (the "Application"). In support of the Application, the Debtor relies upon the *Affidavit of Mark E. Andrews in Support of the Application for the Approval of the Employment of Cox Smith Matthews Incorporated as Attorneys for the Debtor* (the "Andrews Affidavit") attached hereto as Exhibit "A." The Debtor presents this Application and respectfully represents the following:

### I.    JURISDICTION, VENUE AND BACKGROUND

1.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are Sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedures for the Western District of Texas.

3. On February 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4. The Debtor continues to manage and operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this Case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

5. A further description of the background of the Debtor and the events leading up to the filing of the voluntary petition by the Debtor is provided in the *Unsworn Declaration Under Penalty of Perjury of Lisa Trefger, Director of Business Administration and Regulatory Affairs in Support of First Day Pleadings*, located at docket number 4, which is incorporated by reference herein.

## II. RETENTION OF COX SMITH MATTHEWS INCORPORATED

6. By this application, the Debtor seeks to employ and retain Cox Smith Matthews Incorporated ("Cox Smith" or the "Firm") as its counsel, as of the Petition Date, in connection with various matters, including the Debtor's commencement and prosecution of its chapter 11 Case. Pursuant to § 327(a) of the Bankruptcy Code, the Debtor requests that the Court approve the employment of Cox Smith as its counsel to perform the extensive legal services that will be necessary. The Debtor has been informed that Mark E. Andrews will act as lead Cox Smith counsel for the Debtor in the chapter 11 Case. Mr. Andrews may be contacted at Cox Smith Matthews Incorporated, 1201 Elm Street, Suite 3300, Dallas, Texas 75270, facsimile: (214) 698-7899, e-mail: meandrews@coxsmith.com. Mr. Andrews' State Bar Number is 01253520.

7. The employment of Cox Smith is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and Debtor-in-Possession. Subject to further order of this Court, it is proposed that Cox Smith be employed as primary bankruptcy counsel to:

a. take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any action commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

b. prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and papers in connection with the administration and prosecution of the Debtor's Case;

c. advise the Debtor in respect of bankruptcy, real estate, oil and gas, regulatory, labor law, intellectual property and licensing or other such services as requested;[1] and

d. perform all other necessary legal services in connection with the Case.

8. It is necessary that the Debtor employ counsel to render the foregoing professional services. Cox Smith has stated its desire and willingness to act as counsel in the Case and render the necessary professional services as attorneys for the Debtor.

9. The Debtor has selected Cox Smith to provide representation in the Case because the Firm's expertise with bankruptcy cases of similar size and scope is well known. Additionally, Cox Smith is familiar with the local rules and procedures of this Court.

10. The Debtor seeks approval of the Application within 20 days of the Petition Date. Bankruptcy Rule 6003, as amended, provides that a Court may grant relief regarding professional retentions within 20 days provided the relief is necessary to avoid immediate and

---

[1] Cox Smith is not being retained to advise the Debtor with respect to securities law issues.

irreparable harm. Courts have granted such relief. *See, e.g., In re First NLC Financial Serv., LLC,* 382 B.R. 547, 550 (S.D. Fla. 2008); *In re Aloha Airlines, Inc.,* Case No. 08-0037 (D. Hawaii March 21, 2008) Docket No. 58; *Tousa, Inc.,* Case No. 08-10928 (S.D. Fla. Jan. 31, 2008) Docket No. 115. *But cf. In re Manchester, Inc.*, Case No. 08-30703 (N.D. Tex. Feb. 17, 2008) Docket No. 68 (did not raise 6003 standard).

11. Section 327(a) states that "the trustee, with court's approval, may employ one or more attorneys . . ." 11 U.S.C. § 327(a). Thus, under the statute the debtor in possession may not employ counsel without the Court's approval. If counsel's employment has not been approved, there may be some reluctance on the part of third parties who need to negotiate with the Debtor's counsel. Interim approval provides counsel with authority and legitimacy, which may be questioned if not approved as counsel. Furthermore, lack of approval on an interim basis may impact whether an attorney-client relationship exists. Thus, failure to approve Cox Smith on an interim basis, subject to final approval, may result in immediate and irreparable damage to the Debtor.

### III. COX SMITH'S CONNECTIONS AND LACK OF CONFLICTS

12. The Debtor is unaware of any circumstances where Cox Smith was adverse to the Debtor, except as described in the Andrews Affidavit. The Debtor has been informed that Cox Smith's conflicts database management system (the "System") holds no information that would suggest that Cox Smith is now or has ever been adverse to the Debtor, except as described in the Andrews Affidavit.

13. Other than Cox Smith's representation of parties in interest as described in the Andrews Affidavit, the Debtor and Cox Smith have not identified any other connections between the Debtor's creditors or parties in interest and Cox Smith. To the best of the Debtor's knowledge, the partners, counsel and associates of Cox Smith do not have any other connection

4

with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants or the United States Trustee or any person employed in the office of the United States Trustee, except as set forth herein and in the annexed Andrews Affidavit.

14. Fed. R. Bankr. P. 2014(a) also requires a disclosure of all connections with the "debtor, creditors, any other party in interest, their respective attorneys and accountants. . . ." As expected, while the results of these searches revealed no conflict of interest with regard to Cox Smith's anticipated representation of the Debtor, connections to parties in interest were revealed. Those connections are specifically described in the Andrews Affidavit. Each of the connections described is a present, former, or affiliate relationship between Cox Smith and its clients, and each is wholly unrelated to the Debtor in this case. Nevertheless, each relationship constitutes a "connection" that Cox Smith feels should be disclosed for these purposes. The Debtor and Cox Smith believe that neither potential nor actual conflict of interest exists with respect to its representation of the Debtor and any of the representations described above. In the event a dispute were to arise regarding the validity of the claims of any of the entities described in the Andrews Affidavit that are current Cox Smith clients, the Debtor will locate and retain special counsel to handle any such matter.

### IV.     PROPOSED ARRANGEMENT FOR COMPENSATION

15. Cox Smith holds $156,614.20 as a retainer as security against postpetition fees and expenses, as approved by orders of the Court.

16. Subject to Court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to Cox Smith on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Cox Smith. The primary attorneys and

2858621.1

paralegal within Cox Smith who will represent the Debtor and their current standard hourly rates are set forth below:

| | |
|---|---|
| Mark E. Andrews, Shareholder | $495 per hour |
| Carol E. Jendrzey, Shareholder | $395 per hour |
| James M. McDonough, Shareholder | $495 per hour |
| Aaron M. Kaufman, Associate | $295 per hour |
| Deborah E. Andreacchi, Paralegal | $175 per hour |

17. The hourly rates set forth above are subject to periodic adjustments. From time to time, other attorneys and paralegals from Cox Smith may serve the Debtor in connection with the matters for which Cox Smith will be retained. It is anticipated that any such other attorneys' and/or paralegals' compensation will also be at their current (or hereafter adjusted) standard hourly rate.

18. The hourly rates set forth above are Cox Smith's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Cox Smith for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Cox Smith's policy, in all areas of its practice, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to Cox Smith's clients include, among other things, postage and express mail charges at the rates charged by the U.S. Postal Service, special or hand delivery charges, external photocopying charges at the actual cost charged, printing of documents in excess of 20 pages or multiple copies of documents with fewer than 20 pages at $.15 per page, travel expenses, expenses for "working meals," and computerized research. Cox Smith does not charge for long distance calls other than conference calls. Cox Smith does not charge for incoming or outgoing telecopier services. Cox Smith will charge the Debtor for expenses in a manner and at rates consistent with charges made generally to Cox Smith's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

19. Cox Smith reserves the right to request a bonus or fee enhancement. Cox Smith has not agreed to share any compensation received with any other entity.

20. Cox Smith's compliance with the requirements of Sections 327, 328, 330 and 504 of the Bankruptcy Code and Bankruptcy Rule 2014, is set forth in detail in the Andrews Affidavit attached as Exhibit "A."

## V. NOTICE

21. The Debtor has caused a copy of this Application to be served upon (i) the proposed Limited Service List, which includes the prepetition lenders and their counsel and the list of the top twenty (20) largest unsecured creditors of the Debtor; (ii) the United States Trustee; (iii) those persons who have formally appeared in this Case and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. The Debtor submits that no other or further notice need be provided.

25. No previous application for employment of counsel for the Debtor has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the *Application for Approval of the Employment of Cox Smith Matthews Incorporated as Attorneys for the Debtor*, effective as of the Petition Date, as set forth above, allowing Cox Smith to retain the funds charged against, and the balance of, the retainer provided by the Debtor in the amount of $156,614.20 and granting such other relief as is just and proper.

Dated: February 8, 2010

Respectfully submitted,

**AGE Refining, Inc.**

By: *Lisa Trefger*
Lisa Trefger,
Director of Business Administration and
Regulatory Affairs

2867594.1