# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** § | | **CHAPTER 11 CASE** |
| § | | |
| **AGE REFINING, INC.,** § | | **CASE NO. 10-50501** |
| § | | |
| **Debtor.** § | | |

## APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF MUSE, STANCIL & CO. AS TECHNICAL CONSULTANTS FOR THE DEBTOR

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

AGE Refining, Inc. (the "Debtor"), the Debtor in the above captioned case (the "Case"), hereby file this *Application for Approval of the Employment of Muse, Stancil & Co. as Technical Consultants for the Debtor* (the "Application"). In support of the Application, the Debtor relies upon the *Unsworn Declaration of W. P. (Paul) Ruwe Jr. in Support of the Application for Approval of the Employment of Muse, Stancil & Co. as Technical Consultants for the Debtor* (the "Ruwe Declaration") attached hereto as Exhibit "A." The Debtor presents this Application and respectfully represents the following:

### I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Sections 327 and 330 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014 of the Local Rules of Bankruptcy Procedures for the Western District of Texas.

3. On February 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this Case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

5. A further description of the background of the Debtor and the events leading up to the filing of the voluntary petition by the Debtor, is provided in the *Unsworn Declaration Under Penalty of Perjury of Lisa Trefger, Director of Business Administration and Regulatory Affairs, in Support of First Day Pleadings*, located at docket number 4, which is incorporated by reference herein.

## II. RETENTION OF MUSE STANCIL

6. By this application, the Debtor seeks to employ and retain Muse Stancil ("Muse") to provide petroleum engineering and consulting services, as of the Petition Date. Pursuant to § 327(a) of the Bankruptcy Code, the Debtor requests that the Court approve the employment of Muse to perform necessary technical consulting services. The Debtor has been informed that W. P. (Paul) Ruwe Jr will act as lead professional from Muse for the Debtor during this chapter 11 Case. Mr. Ruwe can be contacted at Two Allen Center, 1200 Smith Street, Suite 1600, Houston, Texas 77002, Email: pruwe@musestancil.com, Telephone: 713-890-1182, Fax: 214-954-1521.

7. In the ordinary course of business, the Debtor has employed Muse to provide various technical consulting services, including oversight in connection with the completion of the steam turbine generator replacement project. The employment of Muse is appropriate and necessary to enable the Debtor to execute faithfully its duties as Debtor and Debtor-in-

2

Possession. The Debtor proposes to hire Muse to provide technical consulting services to the Debtor as necessary, including oversight in connection with the completion of the steam turbine generator replacement project, for the Debtor to maximize the value of its assets on behalf of creditors and parties in interest.

8. It is necessary that the Debtor employs professionals such as Muse for the foregoing professional services. Muse has stated its desire and willingness to act as technical consultants in the Case and to render the necessary professional services for the Debtor.

### III. MUSE'S CONNECTIONS AND LACK OF CONFLICTS

A. CONNECTIONS WITH THE DEBTOR

9. Debtor is unaware of any circumstances where Muse was adverse to the Debtor, except as described in the Ruwe Declaration. Muse has been a prior creditor of AGE Refining, Inc. in the ordinary course of its business relationship with AGE Refining, Inc. Also, Muse previously was a consultant to Chase Capital Corporation, who is one of the Debtor's secured lenders. Muse worked with Chase Capital Corporation in connection with the financial commitment between AGE Refining, Inc. and Chase Capital Corporation. Accordingly, Debtor believes employment of Muse by the Debtor is permissible under the Bankruptcy Code and is in the best interests of all parties in interest.

B. CONNECTIONS WITH CREDITORS AND OTHER PARTIES-IN INTEREST

10. Debtor and Muse have not identified any connections between the Debtor's creditors or parties in interest and Muse. To the best of the Debtor's knowledge, the employees of Muse do not have any other connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants or the United States Trustee or any person employed in the office of the United States Trustee, except as set forth herein and in the annexed Ruwe Declaration.

11. Fed. R. Bankr. P. 2014(a) also requires a disclosure of all connections with the "debtor, creditors, any other party in interest, their respective attorneys and accountants. . . ." There appears to be no conflict of interest with regard to Muse's anticipated work for the Debtor.

## IV. **PROPOSED ARRANGEMENT FOR COMPENSATION**

12. Since January 11, 2010, Muse and AGE Refining, Inc. have operated under a letter agreement, attached as Exhibit B (the "Letter Agreement"). Under the Letter Agreement, Muse provides its services to the Debtor on a fee basis, and AGE Refining, Inc. The Letter Agreement shall govern the engagement, except that Muse shall not be engaged to provide Chief Restructuring Officer services or financial advisory services. Also, the indemnification language in the Letter Agreement shall apply only to claims and services provided post petition. Primarily, Muse is engaged to provide technical consultation in connection with completion of the steam turbine generator and other areas requiring technical expertise. Although Muse may use others at its firm, the rates charged will be the same or less than Mr. Ruwe's rate. Muse charges its clients for necessary and ordinary out-of-pocket expenses and bills its fees at the following rate:

    Paul Ruwe        Senior Consultant      $325.00

13. Muse has traditionally billed after completion of their work, rather than at regular intervals. Currently, Muse holds a $75,000 retainer. Muse has not agreed to share any compensation received with any other entity.

14. Muse requests that it not be required to file formal fee applications. The Debtor shall provide copies of invoices received from Muse, which the Debtor seeks to pay, to the Office of the United States Trustee, counsel for any debtor-in-possession lenders, and counsel for prepetition lenders. Such parties shall have five business days to object to such payment. Upon objection, the Debtor shall submit the matter to this Court for final determination.

4

Notwithstanding the above, the Debtor shall be free to pay, at the Debtor's discretion, any portion of any invoice from Muse which has not drawn an objection upon the expiration of the five business day objection period.

### V.

15. Muse's compliance with the requirements of Sections 327, 328, 330 and 504 of the Bankruptcy Code and Bankruptcy Rule 2014, is set forth in detail in the Ruwe Declaration attached as Exhibit "A."

### VI. **NOTICE**

16. The Debtor has caused a copy of this Motion to be served upon (i) the proposed Limited Service List, which includes the prepetition lenders and their counsel and the twenty largest creditors of the Debtor; (ii) the United States Trustee; (iii) those persons who have formally appeared in the Case and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. The Debtor submits that no other or further notice need be provided.

17. No previous application for employment of technical consultants in this particular area of expertise for the Debtor has been made to this or any other court. The Debtor does not anticipate filing any future application to employ technical consultants in this particular area of expertise in this Case.

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the *Application for Approval of the Employment of Muse, Stancil & Co. as Technical Consultants for the Debtor* as set forth above, and granting such other relief as is just and proper.

Dated: February 8, 2010

Respectfully submitted,

AGE Refining, Inc.

By: _____
Glen Gonzalez
President and Designated Officer