**SO ORDERED.**

**SIGNED this 15th day of April, 2010.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 CASE |
| | § | |
| AGE REFINING, INC. | § | CASE NO. 10-50501-LMC |
| | § | |
| Debtor. | § | |

### *NUNC PRO TUNC* ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 1102(b)(3), AND 1103(c), CLARIFYING REQUIREMENTS TO (1) PROVIDE ACCESS TO INFORMATION, AND (2) SOLICIT AND RECEIVE COMMENTS FROM UNSECURED CREDITORS

WHEREAS, IN SAID DISTRICT, came on for consideration the Motion, (the "Motion") by the Official Committee of Unsecured Creditors (the "Committee") to the bankruptcy estate of Debtor, AGE REFINING, INC.*,* ("Debtor" or "AGE") pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3), and 1103(c), for an order *nunc pro tunc* to March 17, 2010, clarifying the Committee's obligation to (1) provide access to information to general unsecured creditors, and (2) solicit and receive comments from unsecured creditors; this Court having considered the Motion, any objections thereto, and being fully advised of the grounds for entry of an order set forth therein; appropriate notice and opportunity for a hearing on the Motion having been given; the relief requested in

the Motion being in the best interest of the Debtor, their estates and their creditors; this Court having jurisdiction to grant the relief requested pursuant to 28 U.S.C. §§ 157 and 1334; venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a); this matter constituting a core proceeding pursuant to 28 U.S.C. § 157(b); and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, including all reservations of rights included therein, which are not otherwise resolved in this Order, are overruled on the merits.

3. Notwithstanding anything contained in § 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall not disseminate to any entity (as defined by Section 101(15) of the Bankruptcy Code, "Entity"), including any creditors that are not members of the Committee ("Non-Committee Creditors"): (i) any non-public information concerning the Debtor or the Committee, including, but not limited to, any confidential, proprietary, or other non-public materials of the Committee and documents, mental impressions, strategy, memoranda, expert reports, legal analysis, interview memoranda or summaries, factual summaries, communications and other information and materials relevant to the Debtor's bankruptcy case, whether provided voluntarily or involuntarily by or on behalf of the Debtor or by any third party or prepared by or for the Committee, including any information designated as "Confidential" by the Debtor pursuant to any Confidentiality Agreement; or (ii) any other information if the effect of such disclosure would constitute a general waiver of the attorney-client, work-product, or other applicable privilege possessed by the Debtor or the Committee (whether solely or shared with another party) (separately, the "Confidential Information" or "Privileged Information" or, collectively, the "Confidential/Privileged Information").

4. The Debtor shall assist the Committee in identifying any Confidential/Privileged Information concerning the Debtor that is provided by the Debtor, their agents or professionals, or by any third party, to the Committee, its agents and professionals.

5. If a creditor that is not a member of the Committee (the "Requesting Creditor") submits a written request (the "Information Request") for the Committee to disclose information, the Committee shall as soon as practicable, but no more than ten (10) business days after receipt of the Information Request, provide a written response to the Information Request (the "Response") that (i) attaches this Order; (ii) provides any non-confidential, non-proprietary, and non-privileged information in the Committee's possession that is responsive to the Information Request, unless the Committee determines, in its sole discretion, that such request is unduly burdensome; and (iii) further informs the Requesting Creditor that the Committee is not permitted to share Confidential/Privileged Information with Non-Committee Creditors. Under no circumstances shall the Committee share or disseminate Confidential/Privileged Information of the Debtor to any third parties, including, but not limited to, the Requesting Creditor, unless the Court expressly orders otherwise.

6. If the Requesting Creditor still wishes to obtain Confidential/Privileged Information after receiving the Response, the Requesting Creditor may, after a good faith effort to meet and confer with the Debtor and/or the Debtor's authorized representatives and professionals to request that such information be provided, seek to compel such disclosure for cause pursuant to a motion filed in this Court. Such motion shall be served and the hearing on such motion shall be noticed and scheduled pursuant to the Federal Rules of Bankruptcy Procedure and applicable local rules.

7. Nothing in the Order requires the Committee to provide access to any information (regardless of whether such information constitutes Confidential Information or Privileged Information) or solicit comments from any Entity that has not demonstrated to the satisfaction of

the Committee, in its sole discretion, or the Court, that it holds claims of the kind described in Section 1102(b)(3) of the Bankruptcy Code.

8. None of the Debtor, the Committee and any of their respective directors, officers, employees, members, attorneys, consultants, advisors and agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have or incur any liability to any Entity (including the Debtor and their affiliates) for any acts or the omission of such acts taken in connection with the preparation or dissemination of information provided pursuant to this Order and Section 1102(b)(3) of the Bankruptcy Code; provided, however, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted a breach of fiduciary duty, gross negligence, or willful misconduct, including without limitation, fraud and criminal misconduct, or the breach of any confidentiality agreement or order. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

9. This Order shall be effective as of its entering, however, the terms of the Order shall apply to all information governed by this Order, including information in the Committee's possession prior to March 17, 2010

10. Consistent with the Committee's obligations and in aid of fulfilling its duties with respect to the Debtor's bankruptcy case, the By-Laws of Official Committee of Unsecured Creditors of AGE, which are attached hereto as Exhibit A, are hereby approved.

11. In satisfaction of its statutory obligations under Section 1102(b)(3)(B), the Committee is authorized to hold periodic meetings open to all creditors represented by the Committee. The Committee shall provide notice of the periodic non-emergency meetings by posting the date and time of such meetings, along with dial-in information, filing a notice within this proceeding, and issuance of notice to all unsecured creditors on the limited serve list dated April 6, 2010, no later than fifteen

(15) days before such meeting. Any unsecured creditor wishing to participate in the periodic meetings may elect to do so by calling in to participate at the designated date and time of such meeting. For the avoidance of doubt, the Committee shall not provide any Confidential/Privileged Information of the Debtor to any Non-Committee Creditors attending in-person or appearing telephonically at the periodic meetings described it this paragraph. If such Non-Committee Creditor wishes to obtain additional information, such creditor must submit a written Information Request to the Committee pursuant to paragraph 5 of this Order. If the information sought constitutes Confidential/Privileged Information of the Debtor, the Requesting Creditor must comply with the procedures set forth in paragraph 6 of this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

# # #