IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| In re: | § | |
|---|---|---|
| | § | CHAPTER 11 CASE |
| AGE REFINING, INC., | § | |
| | § | CASE NO. 10-50501 |
| Debtor. | § | |
| | § | |

**APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF
LANGLEY & BANACK, INCORPORATED AS GENERAL COUNSEL
FOR ERIC J. MOELLER, CHAPTER 11 TRUSTEE
NUNC PRO TUNC AS OF JULY 19, 2010**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:**

The Chapter 11 Trustee, Eric J. Moeller, (the "Trustee"), hereby submits this Application for Approval of the Employment of Langley & Banack, Incorporated as General Counsel for Eric J. Moeller, Chapter 11 Trustee Nunc Pro Tunc as of July 19, 2010 (the "Application"). In support of the Application, the Trustee relies upon the Affidavit of David S. Gragg in Support of the Application for Approval of the Employment of Langley & Banack, Incorporated as General Counsel for Eric J. Moeller, Chapter 11 Trustee (the "Gragg Affidavit") attached hereto as Exhibit "A." The Trustee presents this Application and respectfully represents the following:

## I. JURISDICTION, VENUE AND BACKGROUND

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014 of the Local Rules of Bankruptcy Procedure for the Western District of Texas.

3. On February 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532 (as amended, the "Bankruptcy Code").

4. On March 17, 2010, the United States Trustee appointed the Committee of Unsecured Creditors (the "Committee").

5. On May 26, 2010, the Committee and Chase Capital Corporation and JPMorgan Chase Bank, N.A. (the collectively, "Chase") filed their *Motion of Chase Capital Corporation, JPMorgan Chase Bank, N.A. and Official Committee of Unsecured Creditors to Appoint a Chapter 11 Trustee* (the "Trustee Motion") (Docket No. 291).

6. The Debtor, Chase and the Committee agreed to the appointment of a Chapter 11 Trustee. On June 17, 2010, the Court entered an agreed order granting the Trustee Motion.

7. On July 1, 2010, the United States Trustee appointed Eric J. Moeller to be the chapter 11 trustee for the Debtor's case. On July 6, 2010, the Court approved the appointment (the "Appointment Date") (Docket No. 410). The Trustee shall manage and operate the Debtor's business.

## II. RETENTION OF LANGLEY & BANACK AS GENERAL COUNSEL

8. By this application, the Trustee seeks to employ and retain Langley & Banack, Incorporated ("Langley Banack") as its general counsel, to assist in the Trustee's prosecution of the chapter 11 Case. Pursuant to section 327(a) of the Bankruptcy Code, the Trustee requests that the Court approve the employment of L&B as his general counsel nunc pro tunc as of July 19, 2010, to perform the extensive legal services that will be necessary. The Trustee has been informed that David S. Gragg will act as lead Langley Banack counsel for the Trustee in the chapter 11 Case. Mr. Gragg can be contacted at Langley & Banack, Incorporated, 745 E. Mulberry, Suite 900, San Antonio, Texas 78212, telephone: (210) 736-6600, facsimile: (210) 735-6889, dgragg@langleybanack.com. Mr. Gragg's State Bar Number is 08253300.

9. Cox Smith is filing an application to be retained as Special Counsel for the Trustee to continue that on his behalf on various matters, including those referenced herein. Both Cox Smith and Langley Banack have discussed, and will continue to discuss the proper division of responsibility to ensure that there is no overlap while still providing the bankruptcy estate with cost effective legal services. The Debtor initially retained Cox Smith to represent the Debtor in its Chapter 11 case. Mark Andrews has acted as the attorney in charge of the representation and, if the Cox Smith Application is granted, will continue in that role as special counsel to the Trustee. Through the representation, Cox Smith has acquired special knowledge of the Debtor's history. Additionally, Cox Smith is familiar with the state of the Debtor's financial affairs, the litigation/negotiations with the contractors and the insurance carriers in connection with the STG project, the supplier relationships, and the sales process.

10. The employment of Langley Banack is appropriate and necessary to enable the Trustee to execute faithfully his duties as chapter 11 trustee. Langley Banack is well-suited to

3

provide the legal services required by the Trustee. Subject to further order of this Court, it is proposed that Langley Banack be employed as general counsel to:

    a.    prepare on behalf of the Trustee all necessary motions, applications, answers, orders, reports, and papers in connection with the administration and prosecution of the Debtor's Case, including preferences, fraudulent transfers and the like; negotiations with AGE Transportation, Inc. all matters having to do with insiders, routine bankruptcy matters.

    b.    advise the Trustee in respect of various bankruptcy, real estate, labor, licensing and other such services as requested from time to time; and

    c.    perform all other necessary legal services in connection with the Case.

11. It is necessary that the Trustee employ counsel to render the foregoing professional services. Langley Banack has stated its desire and willingness to act as general counsel in the Case and render the necessary professional services as general counsel for the Trustee.

12. L&B is not being retained to perform the following: the sale or reorganization of the Debtor's business; negotiations and/or litigation with crude suppliers, customers; negotiations and/or litigation with construction related issues and insurance issues or issues where Langley Banack has a conflict. Cox Smith and Langley Banack have met with the Trustee and his special counsel and divided the tasks as set out on the attached chart. The functions to be performed by Langley Banack will not be duplicative of the work performed by Cox Smith, but rather will ensure the most economic and effective means for the Trustee to be represented herein. The assignment of tasks on the attached chart is subject to being changed at the determination of the Trustee.

{L & B 00103/0001/L0446951.DOC}

13. The Trustee has selected Langley Banack to provide him representation in the Case because their expertise with bankruptcy cases of similar size and scope is well known. Additionally, Langley Banack is familiar with the local rules and procedures of this Court. The Trustee, as well as other parties in interest, including Chase and the Committee, believes that it would benefit the estate to have Langley Banack to act as general counsel to the Trustee.

### III. LANGLEY BANACK'S CONNECTIONS AND LACK OF CONFLICTS

#### A. CONNECTIONS WITH THE DEBTOR

14. The Trustee is unaware of any circumstances where Langley Banack was adverse to the Debtor, except as described in the Gragg Affidavit. The Trustee has been informed that Langley Banack's conflicts database management system (the "System") holds no information that would suggest that the Langley Banack is now or has ever been adverse to the Debtor, except as described in the Gragg Affidavit.

#### B. CONNECTIONS WITH CREDITORS AND OTHER PARTIES-IN-INTEREST

15. Other than Langley Banack's representation of parties-in-interest as described in the Gragg Affidavit, the Trustee and Langley Banack have not identified any other connections between the Debtor's creditors or parties-in-interest and Langley Banack. To the best of the Trustee's knowledge, the partners, counsel and associates of Langley Banack do not have any other connection with or any interest adverse to the Debtor, its creditors, any other party-in-interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

16. Bankruptcy Rule 2014(a) requires a disclosure of all connections with the "debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee." As expected, while

the results of these searches revealed no conflict of interest with regard to Langley Banack's anticipated representation of the Trustee, connections to parties-in-interest were revealed. Those connections are specifically described in the Gragg Affidavit. Each of the connections described is a present, former or affiliate relationship between Langley Banack and its clients, and each is wholly unrelated to the Debtor in this Case. Nevertheless, each relationship constitutes a "connection" that Langley Banack feels should be disclosed for these purposes. The Trustee and Langley Banack do not believe that either a potential or actual conflict of interest exists with respect to Langley Banack's representation of the Trustee and any of the representations described above. In the event a dispute were to arise regarding the validity of the claims of any of the entities described in the Gragg Affidavit that are current Langley Banack clients, general counsel, or counsel for the Committee, if appropriate, shall handle any such matter.

### IV. PROPOSED ARRANGEMENT FOR COMPENSATION

17. Langley Banack has not previously received any compensation from the Debtor nor does Langley Banack hold any retainer.

18. The Debtor ceased to be a debtor-in-possession once the Court approved the appointment of the Trustee. *Andrews & Kurth, L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distribs., Inc.)*, 157 F.3d 414, 425 (5th Cir. 1998). Langley Banack is not aware of any prohibition to it acting as general counsel to the Trustee to facilitate the Trustee's administration of the estate. Chase and JPMorgan Chase and the Committee support Langley Banack's involvement in the Case as general counsel to the Trustee.

19. Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Langley Banack on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Langley Banack. The primary

6
{L & B 00103/0001/L0446951.DOC}

attorneys and paralegal within Langley Banack who will represent the Trustee and their current standard hourly rates are set forth below:

| | |
|---|---|
| David S. Gragg, Shareholder | $450 per hour |
| R. Glen Ayers, Jr., Shareholder | $450 per hour |
| Steven R. Brook, Shareholder | $450 per hour |
| Allen DeBard, Associate | $225 per hour |
| Catherine Johnston, Paralegal | $125 per hour |

Langley Banack will endeavor to provide services using the most economic person capable of the task. Langley Banack has agreed to discount the above hourly rates by $75 per hour for the first 200 billable hours, for a savings to the bankruptcy estate of $15,000. This discount is intended to offset concerns about the "learning curve" or for Langley Banack getting up to speed on this representation.

20. The hourly rates set forth above are subject to periodic adjustments. From time to time, other attorneys and paralegals from Langley Banack may serve the Trustee in connection with the matters for which Langley Banack will be retained. It is anticipated that any such other attorneys' and/or paralegals' compensation will also be at their current (or hereafter adjusted) standard hourly rate.

21. The hourly rates set forth above are at or below Langley Banack's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Langley Banack for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Langley Banack's policy, in all areas of its practice, to charge its clients for additional expenses incurred in connection with the client's case. The expenses charged to Langley Banack's clients include, among other things, postage and express mail charges at the rates charged by the U.S. Postal Service, special or hand delivery charges, external photocopying charges at the actual cost charged, printing of documents in excess of 20 pages or multiple copies

7

of documents with fewer than 20 pages at $.15 per page, travel expenses, expenses for "working meals," and computerized research. Langley Banack does not charge for long distance calls other than conference calls. Non-working travel time will be billed at half rates. Langley Banack will charge the Trustee for expenses in a manner and at rates consistent with charges made generally to Langley Banack's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

22. Langley Banack has not agreed to share any compensation received with any other entity.

23. Langley Banack's compliance with the requirements of sections 327, 330 and 504 of the Bankruptcy Code and Bankruptcy Rule 2014, is set forth in detail in the Gragg Affidavit attached as Exhibit "A."

### V. NOTICE

24. The Trustee has caused a copy of this Motion to be served by e-mail, facsimile, or First Class United States Mail upon (i) the Debtor; (ii) the Committee; (iii) counsel for each of the Debtor and the Committee; (iii) the secured creditors of the Debtor; (iv) the twenty largest unsecured creditors of the Debtor; (v) the United States Trustee; (vi) those persons who have formally appeared in this Case and requested service pursuant to Bankruptcy Rule 2002; and (vii) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules. The Trustee submits that no other or further notice need be provided.

25. No previous application for employment of counsel for the Trustee has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Application for Approval of the Employment of Langley & Banack Incorporated as General

8
{L & B 00103/0001/L0446951.DOC}

Counsel for Eric J. Moeller, Chapter 11 Trustee as set forth above, and granting such other relief as is just and proper.

Effective as of July 23, 2010

Respectfully submitted,

By: _____
Eric J. Moeller
Chapter 11 Trustee
ericjmoeller@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of July, 2010, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and upon the parties listed on the attached service list via United States First Class Mail, postage prepaid.

_____
David S. Gragg

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| IN RE | § | |
| --- | --- | --- |
| | § | CASE NO. 10-50501-lmc |
| AGE REFINING, INC. | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**OUTLINE OF RESPONSIBILITIES AND DUTIES OF**
**<u>COX SMITH AND LANGLEY & BANACK</u>**

| | | CS | LB |
| --- | --- | --- | --- |
| 1. | General Counsel to Trustee | | √ |
| 2. | Special Counsel to Trustee | √ | |
| 3. | Preference/Fraudulent Transfer Issues | | √ |
| 4. | All Matters Having to Do with Insiders and their Related Entities | | √ |
| 5. | Future Routine Bankruptcy Matters | | √ |
| 6. | Insurance Matters regarding Existing Claims | √ | |
| 7. | Dealing with on going Customer Contracts | √ | |
| 8. | Crude Supply Contracts | √ | |
| 9. | Tax Issues (where CSM has prior background) | √ | |
| | Tax Issues involving the AGE Group of Entities | | √ |
| 10. | Future Litigation | | √ |
| 11. | Dealing with Lenders on Financial Reporting | √ | |
| 12. | Plan and Disclosure Statement | | √ |
| 13. | Future Sales | | √ |
| | Future Sales if new Motion requires only minor revisions | √ | |
| 14. | HR Issues | | √ |

*All subject to being updated and the approval of the Trustee.*

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re:<br>AGE REFINING, INC.,<br>      Debtor. | §<br>§<br>§   CHAPTER 11 CASE<br>§   CASE NO. 10-50501<br>§<br>§<br>§ |

## AFFIDAVIT OF DAVID S. GRAGG IN SUPPORT OF APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF LANGLEY & BANACK, INCORPORATED AS GENERAL COUNSEL FOR ERIC J. MOELLER, CHAPTER 11 TRUSTEE

STATE OF TEXAS       )
                                )
COUNTY OF BEXAR    )

David S. Gragg, being duly sworn, deposes and says:

I am over the age of 18 years and, if called as a witness, would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicate below:

I am over 18 years of age and, if called as a witness, would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated below:

1. I am a shareholder at Langley & Banack, Incorporated ("Langley Banack" or the "Firm"), proposed general counsel for Eric J. Moeller. I am submitting this affidavit in support of the *application for Approval of the Employment of Langley & Banack, Incorporated as General Counsel for Eric J. Moeller, Chapter 11 Trustee* ("Application").

## Background

2. I am an attorney licensed to practice law in the State of Texas and have been a member in good standing of the Texas Bar since 1980. I am also admitted to practice before the United States District Courts for the Northern, Southern, Eastern, and Western Districts of Texas.

{L & B 00103/0001/L0447047.DOC}

3. I am a shareholder in the law firm of Langley & Banack, Incorporated. My office address is 745 E. Mulberry, Suite 900, San Antonio, Texas 78212, Telephone (210) 736-6600, Facsimile: (210) 735-6889, and E-mail: dgragg@langleybanack.com.

## General Statement

4. Neither I nor the Firm represents any interest adverse to the Debtor, as required by 11 U.S.C. §§ 327(a); additionally, we are disinterested persons pursuant to 11 U.S.C. §101(14). Described below are all presently known connections and relationships between Langley Banack, on the one hand, and the Debtor, the Debtor's creditors, any other party in interest, and their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee on the other hand. In preparing this affidavit, Langley Banack performed a review of the connections and relationships between Langley Banack and certain creditors of the Debtor and other parties in interest. To the extent that I become aware of any additional relationships, I will promptly file a supplemental affidavit. Langley Banack will implement appropriate internal procedures to protect the interests of the Debtor in connection with the representations and relationships described below.

## Connections between Langley & Banack, Incorporated and the Debtor, its Creditors, and Parties in Interest

5. I am unaware of any circumstances where Langley Banack was adverse to the Debtor other than as described below. Langley Banack's conflicts database management system (the "System") holds only information that would suggest that Langley Banack has the below described connections with the Debtor.

6. Langley Banack has two prior connections to the bankruptcy case which Langley Banack feels it should disclose.

2

(a) Shortly after the outset of the case, Langley Banack was contacted by Tom McKenzie, a local San Antonio bankruptcy attorney and long time acquaintance of David S. Gragg. Mr. McKenzie asked Mr. Gragg if he could assist one of Mr. McKenzie's clients with the filing of a claim which Mr. McKenzie thought should be filed as quickly as possible. Mr. McKenzie was not able to do this because his mother had just passed away and he was attending to family matters. Mr. Gragg filed a Notice of Reclamation Claim under Section 546, Docket No. 112, on behalf of Big Star LLP/St. James Energy Operating, Inc. Big Star never retained Mr. Gragg. No bill was sent and no payment was received by Langley Banack. Langley Banack considered this a personal and professional courtesy for Mr. McKenzie.

(b) After the formation of the Creditors' Committee, Langley Banack indicated to the U.S. Trustee's Office and the Committee that it would have an interest in representing the Committee. Langley Banack was not retained by the Committee.

7. Except for the proposed representation of the Trustee, neither I nor the Firm has represented or will represent any other entity in connection with this Case, and neither I nor the Firm will accept any fee from any other party or parties in this Case except as set out herein. As a condition to acceptance of the employment as general counsel to the Trustee, Langley Banack has not and will not undertake to represent the interests of any creditor of the Debtor in any matter related to the Debtor. Langley Banack is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code in that Langley Banack, its shareholders and associates:

    a. Are not creditors, equity security holders, or insiders of the Debtor;

     b.     Are not and were not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

     c.     Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

8. Other than the parties in the attached Exhibit 1, Langley Banack has not identified any connections between the Debtor's creditors or parties in interest and Langley Banack. Langley Banack also discloses that certain of the creditors in this Case were also creditors in other cases in which Langley Banack represented the debtor, other creditors and/or other parties in interest. There are no additional connections between these creditors and Langley Banack.

9. As expected, while the results of these searches revealed no conflict of interest with regard to the Firm's anticipated representation of the Debtor, connections to creditors and parties in interest were revealed. A list of such Firm clients, past firm clients, or parties involved in matters related to the Firm's clients is attached as Exhibit "1." Each of the connections described is a present, former, or affiliate relationship between the Firm and its clients, and each is wholly unrelated to the Debtor in this Case. Nevertheless, each relationship constitutes a "connection" that we feel should be disclosed for these purposes. Langley Banack believed that neither a potential nor an actual conflict of interest exists with respect to its representation of the Debtor and any of the current or past representations described herein.

### Search Methods

10. We have utilized the Firm's conflicts database management system, which is designed to reveal the potential for conflicts of interest and other connections to existing and

former clients and to many thousands of third parties never represented by the Firm. Such results have been reviewed by myself, R. Glen Ayers, Jr., Steven R. Brook, and Allen DeBard. We have contacted various attorneys of the Firm shown on the System report as having previously submitted relevant connections information to the System. We have also researched relevant "hits" for the information set forth above. From the foregoing search method, including the conflict database and discussions with other attorneys at the Firm, I have obtained information and guidance with regard to the particular connections reflected.

### Compensation

11. Subject to Court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to Langley Banack on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Langley Banack. The primary attorneys and paralegal with Langley Banack who represent the Debtor and their current standard hourly rates are set forth below:

| | |
|---|---|
| David S. Gragg, Shareholder | $450 per hour |
| R. Glen Ayers, Jr., Shareholder | $455 per hour |
| Steven R. Brook, Shareholder | $450 per hour |
| Allen DeBard, Associate | $225 per hour |
| Catherine Johnston, Paralegal | $125 per hour |

12. The hourly rates set forth above are subject to periodic adjustments, usually in the fall of each calendar year. From time to time, other attorneys and paralegals from Langley Banack may serve the Debtor in connection with the matters for which Langley Banack will be retained. The hourly rates set forth above are Langley Banack's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Langley Banack for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Langley Banack's policy, in all areas of its practice, to charge its clients for additional expenses

incurred in connection with the client's case. The expenses charged to Langley Banack's clients include, among other things, postage and express mail charges at the rates charged by the U.S. Postal Service, special or hand delivery charges, external photocopying charges at the actual cost charged, printing of documents in excess of 20 pages or multiple copies of documents with fewer than 20 pages at $.15 per page, travel expenses, expenses for "working meals," and computerized research. Langley Banack does not charge for long distance calls other than conference calls. Langley Banack will charge the Debtor for expenses in a manner and at rates consistent with charges made generally to Langley Banack's other clients and consistent with the applicable Bankruptcy Local Rules and United States Trustee guidelines.

13. Langley Banack reserves the right to request a bonus or fee enhancement. Langley Banack has not agreed to share any compensation received with any other entity.

### Conclusion

14. In view of the foregoing, I believe that Langley Banack (i) does not hold or represent an interest adverse to the Debtor, and its estate, (ii) does not hold or represent any other party in this Case, and (iii) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. The Firm recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties in interest to the Debtor's bankruptcy estate as they appear or become recognized during the Case. Accordingly, we reserve the right to, and shall supplement this disclosure if necessary as more information becomes available to us. The foregoing constitutes the statement of Langley Banack pursuant to Section 327 and 328 of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

FURTHER, AFFIANT SAYETH NOT.

Executed this 26th day of July, 2010.


David S. Gragg

SUBSCRIBED and SWORN to before me, the undersigned authority, on this 26th day of July, 2010.

[CATHERINE A. JOHNSTON — Notary Public, State of Texas — My Commission Expires March 13, 2013]

_Catherine A. Johnston_
Notary Public, State of Texas

[seal]

{L & B 00103/0001/L0447047.DOC}

# EXHIBIT "1" TO AFFIDAVIT OF DAVID S. GRAGG

The following parties are or were clients of Langley Banack and such parties or their affiliates or related parties are, were, or may be creditors of Debtor. Langley Banack's representation of such parties is or was completely unrelated to Debtor.

| Current (C) / Former (F) | Client Name |
| --- | --- |
| F | Alamo Iron Works |

8