**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 25, 2010**



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ----------------------------------------------------------------x | | |
| In re | : | Chapter 11 |
| | : | |
| CRESCENT RESOURCES, LLC, *et. al.*, | : | Case No. 09-11507 (CAG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |
| ----------------------------------------------------------------x | | |

ORDER PURSUANT TO SECTIONS 105, 502, 1125, 1126, AND
1128 OF THE BANKRUPTCY CODE AND THE BANKRUPTCY
RULES 2002, 3003, 3017, 3018 AND 3020, APPROVING (I) THE
PROPOSED DISCLOSURE STATEMENT, (II) PROCEDURES TO
SOLICIT ACCEPTANCES OF DEBTORS' PROPOSED PLAN, AND
(III) SCHEDULING A HEARING AND ESTABLISHING NOTICE
AND OBJECTION PROCEDURES FOR CONFIRMATION OF
<u>THE DEBTORS' PROPOSED PLAN</u>

Upon the filing of the Debtors' proposed disclosure statement (the

"<u>Disclosure Statement</u>") for the Debtors' chapter 11 plan (as it may be modified, the

"Proposed Plan") and motion (the "Motion"),[1] of Crescent Resources, LLC ("Crescent Resources"), its parent Crescent Holdings, LLC ("Crescent Holdings") and their affiliated debtors as debtors and debtors in possession (collectively, "Crescent" or the "Debtors"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to (a) approve the Disclosure Statement; (b) approve certain solicitation procedures for the Proposed Plan; (c) schedule a confirmation hearing (the "Confirmation Hearing"); and (d) establish certain notice and objection procedures, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on March 12, 2010 and March 23, 2010 (the "Hearing") to consider the Motion; and the Debtors having provided notice as described in the Motion; and the Court having reviewed the Disclosure Statement, the Motion, the papers in support thereof, and the responses thereto, if any; and upon the Disclosure Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the record of the Hearing and upon all of the proceedings heretofore before the Court,

THE COURT HEREBY FINDS AND DETERMINES THAT:

     A.    The Disclosure Statement contains "adequate information" about the Debtors' Proposed Plan within the meaning of section 1125 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Motion.

B. Notice of the Disclosure Statement, the Hearing, and the deadline for filing objections to the Disclosure Statement was properly provided and such notice was due and proper to all interested parties and no further notice is necessary.

C. The relief requested in the Disclosure Statement is in the best interests of the Debtors, their estates, and all parties in interest therein.

D. Classes 1 through 120 (Other Priority Claims), Classes 121 through 240 (Secured Tax Claims), Classes 353 through 472 (Other Secured Claims), Class 475 (Portland Place Secured Claims), Class 477 (The Reserve Note 1 Secured Claims), Classes 481 through 487 (Palmetto Bluff Secured Claims), Classes 488 through 495 (CDD Claims) and Classes 616 through 735 (Intercompany Equity Interests) (collectively, the "Non-Voting Unimpaired Classes") are unimpaired and are conclusively presumed to accept the Proposed Plan. Accordingly, members of the Non-Voting Unimpaired Classes are not entitled to vote or receive a Ballot.

E. Class 736 (Crescent Holdings Equity Interests) (the "Non-Voting Impaired Class") is impaired and is not entitled to receive any distribution on account of their claim and are conclusively presumed to reject the Proposed Plan. Accordingly, members of the Non-Voting Impaired Class are not entitled to vote or receive a Ballot.

F. The Proposed Plan impairs Classes 241 through 352 (Prepetition Lender Claims), Class 473 (223 Developers Secured Claims), Class 474 (Grand Woods Secured Claims), Class 476 (Roberts Road Secured Claims), Class 478 (The Reserve Other Notes Secured Claims), Class 479 (North River Secured Claims), Class 480 (North Bank Developers Secured Claims), Class 496 (Chaparral Pines Investors General Unsecured Claims), Class 497 (Portland Place General Unsecured Claims), and Classes

498 through 615 (General Unsecured Claims) (collectively, the "Voting Classes"). Accordingly, members of the Voting Classes are entitled to vote and receive an appropriate Ballot; provided, however, holders of claims in the Voting Classes shall not be entitled to vote and receive a Ballot if (a) as of the Record Date, such claim has been disallowed, expunged, disqualified, or suspended; (b) the Debtors' Schedules show such claim as contingent, unliquidated, disputed, or for zero dollars, and a proof of claim was not filed by the General Bar Date or Government Bar Date, as applicable, or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or (c) if a timely filed proof of claims was filed for $0.00.[2]

G. The forms of the ballots attached to the Motion as Exhibit B, are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and are appropriate for each class of claims or interests entitled to vote to accept or reject the Proposed Plan.

H. The voting instructions attached to each of the ballots contain adequate information to instruct all members of the Voting Classes how to vote.

I. The Voting Deadline provides reasonable and adequate time for all parties in interest to make an informed decision to accept or reject the Proposed Plan.

J. The procedures for the solicitation and tabulation of votes to accept or reject the Proposed Plan (as more fully set forth in the Motion and below) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

---

[2] The Debtors will send a copy of the Confirmation Hearing Notice to holders of these disallowed claims that are not entitled to vote.

K. The notice procedures set forth below provide due, proper, and adequate notice of approval of the Disclosure Statement, the Confirmation Hearing, and the procedures for filing objections or responses to the Proposed Plan and complies with Bankruptcy Rules 2002 and 3017(d).

L. The proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Debtors to pursue to confirmation of the Proposed Plan in a timely fashion.

M. The Debtor has the right to seek modifications or extensions of the matters governed by this Order.

N. The relief requested in the Motion is in the best interests of the Debtors, their estates, and all parties in interest therein.

O. The legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Motion is GRANTED as provided herein.

**The Disclosure Statement**

2. The Disclosure Statement, as it may have been or may be further modified to reflect changes made or ordered on the record of the hearing, is APPROVED.

**The Solicitation Procedures**

**Temporary Allowance of Claims for Voting Purposes**

3. Solely for the purposes of voting to accept or reject the Proposed Plan and not for allowance of, or distribution on account of, any claim or interest, and without prejudice to the Debtors' rights in any other context, the Debtors propose that

each claim or holder of a claim entitled to vote to accept or reject the Proposed Plan be temporarily allowed in the amount equal to the liquidated, not contingent, not disputed amount in the Schedules; <u>provided</u>, <u>however</u>, --

- (a) if a claim holder has timely and properly filed a proof of claim, the holder may vote the claim amount set forth in the proof of claim subject to any applicable limitation below;

- (b) if a claim for which a proof of claim has been timely filed is contingent, wholly unliquidated, disputed, unknown or undetermined in amount, such claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- (c) if the claim for which a proof of claim has been timely filed is partially liquidated and partially unliquidated, such claim is temporarily allowed for voting purposes in the liquidated amount only;

- (d) if the Court estimates or otherwise allows a claim for voting purposes, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

- (e) if the Debtors' Schedules list a claim as contingent, unliquidated, disputed or in a zero amount and a proof of claim was not

    - (1) filed by the General Bar Date or Government Bar Date, as applicable, or

    - (2) deemed timely filed by an order of the Court prior to the Voting Deadline

    such claim is disallowed for voting, allowance, and distribution purposes pursuant to Bankruptcy Rule 3003(c) absent the Debtors' written consent to the contrary;

- (f) if a holder of a claim on the Debtors' Schedules is listed as <u>not</u> contingent, unliquidated, or disputed and such holder files an untimely proof of claim, such claim shall be allowed for voting, allowance, and distribution purposes in the amount set forth in the Schedules;

(g) if the Debtors serve an objection to a claim at least ten (10) days before the Voting Deadline, such claim is temporarily disallowed for voting purposes only, but not for allowance or distribution purposes, except to the extent and in the manner as may be set forth in such objection;

(h) notwithstanding anything to the contrary contained herein, the Debtors propose that any creditor who has filed or purchased duplicate claims in a particular Class shall be provided with only one Solicitation Package and one ballot and be permitted to vote only a single claim, regardless of whether the Debtors have objected to such duplicate claims; and

(i) for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

4. If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor shall serve on the Debtors, the Creditors' Committee, and the U.S. Trustee and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Proposed Plan on or before the 10th day after the later of (i) service of notice of the Confirmation Hearing and (ii) the Debtors' service of notice of an objection or request for estimation, if any, as to such claim. Any creditor filing such a motion, such creditor's Ballot shall not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

**Fixing the Record Date**

5. The Record Date is March 24, 2010. Holders of claims and interests, as of the Record Date and as determined by the Debtors' books and records,

shall be the holders of record and, as such, shall be entitled to vote or otherwise receive a notice of non-voting status. Any claim transfer notices received by the Debtors or GCG (a) prior to the Record Date, but with respect to which the twenty-one (21) day period required pursuant to Bankruptcy Rule 3001(e)(4) has not expired prior to the Record Date or (b) after the Record Date, shall not be recognized for determining the holders of record.

**Solicitation Packages and the Distribution Procedures Therefor**

6. The Debtors shall send each member of a Voting Class:

(a) the order approving the Proposed Disclosure Statement, excluding Exhibits;

(b) the Confirmation Hearing Notice;

(c) the Proposed Disclosure Statement, which shall include the Proposed Plan as an exhibit;

(d) a ballot customized for such holder as described below with instructions and a return envelope;

(e) the solicitation letter submitted by the Creditors' Committee supporting acceptance of the Proposed Plan;

(f) the solicitation letter from the Debtors supporting acceptance of the Proposed Plan; and

(g) such other materials as the Court may direct (collectively, the "<u>Voting Solicitation Package</u>").

7. To each member in the Non-Voting Unimpaired Classes and Non-Voting Impaired Class that are not entitled to vote, the Debtors shall send:

(a) the Confirmation Hearing Notice;

(b) a Notice of Non-Voting Status; <u>provided</u>, <u>however</u>, the Debtors shall provide such holder a Proposed Disclosure Statement upon written request; and

(c) such other materials as the Court may direct (collectively, the "<u>Non-Voting Solicitation Package</u>")

8. The Debtors shall distribute the following materials to (i) the U.S. Trustee, (ii) the attorneys for the Creditors' Committee, and (iii) all other parties requesting service in these chapter 11 cases:

(a) the order approving the Proposed Disclosure Statement, excluding Exhibits;

(b) the Confirmation Hearing Notice;

(c) the Proposed Disclosure Statement, which shall include the Proposed Plan as an exhibit; and

(d) such other materials as the Court may direct (collectively, the "<u>Notice Solicitation Package</u>" together with the Voting and Non-Voting Solicitation Packages, the "<u>Solicitation Packages</u>")

9. The Debtors will send the Solicitation Packages with either (i) a hard copy of the Proposed Disclosure Statement (together with the Proposed Plan attached thereto); or (ii) a CD-ROM containing a PDF of the Proposed Disclosure Statement (together with the Proposed Plan attached thereto), <u>provided</u>, <u>however</u>, if a CD-ROM is used the Debtors shall provide printed hard copies upon request.

10. Except as provided above, the Debtors shall mail each of the Solicitation Packages described above within seven (7) business days of entry of this Order or as soon as reasonably practicable thereafter (the "<u>Solicitation Date</u>") to the mailing address listed in the Debtors' books and records as of the Record Date.

11. The Debtors shall send Solicitation Packages only to known deliverable addresses; <u>provided</u>, <u>however</u>, the Debtors shall send a Solicitation Package

to any entity who provides written notice of a new mailing address or forwarding address prior to the Solicitation Date.

### Form of Ballots

12. The Ballots are APPROVED.

## Voting and Tabulation Procedures

### Voting Deadline

13. In order to be counted as a vote to accept or reject the Proposed Plan, each Ballot shall be properly executed, completed, and delivered to the Solicitation Agent as to be received by Solicitation Agent no later than the Voting Deadline of May 10, 2010 at 4:00 p.m. (prevailing Central Time).

### Procedures to Tabulate Votes

14. The following customary procedures for tabulating votes is APPROVED:

   (a) A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

   (b) All votes to accept or reject the Proposed Plan must be cast by using the appropriate Ballot and in accordance with the voting instructions attached to each Ballot and/or as set forth on the Ballot (as may be applicable) and votes cast in any other manner shall <u>not</u> be counted;

   (c) Any Ballot that is returned to the Solicitation Agent, but which is unsigned, or has a non-original signature, shall <u>not</u> be counted;

   (d) A holder of multiple claims or interests in different classes must use a separate Ballot for each class of claims or interests;

   (e) A holder of claims shall be deemed to have voted the full amount of its claims in each class and shall <u>not</u> be entitled to split its vote within a particular class;

(f) Any Ballot that partially accepts and partially rejects the Proposed Plan shall not be counted;

(g) Any entity entitled to vote to accept or reject the Proposed Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that it is received on or before the Voting Deadline;

(h) Any entity casting more than one (1) Ballot voting the same claim or interest prior to the Voting Deadline, the Solicitation Agent shall count only the last dated Ballot timely received;

(i) If the Solicitation Agent receives Ballots on the same day but which are voted inconsistently, such Ballots shall not be counted;

(j) Any executed Ballot timely received by the Solicitation Agent that does not indicate either an acceptance or rejection of the Proposed Plan shall not be counted;

(k) Any executed Ballot, which indicates both acceptance and rejection of the Proposed Plan shall not be counted;

(l) Ballots received by facsimile, telecopy transmission, or electronic mail will not be counted; and

(m) Subject to contrary order of the Court, the Debtor shall have authority to waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the voting report to be filed with the Court.

**Notice of Non-Voting Status**

15. The Notice of Non-Voting Status to Unimpaired Classes and Notice of Non-Voting Status to Impaired Classes is APPROVED.

16. The Debtors shall send a Notice of Non-Voting Status to Unimpaired Classes and Notice of Non-Voting Status to Impaired Classes to each member in the Non-Voting Unimpaired Classes and Non-Voting Impaired Class.

**The Confirmation Hearing and the Notice and Objection**
**Procedures in Respect of Confirmation of the Proposed Plan**

**The Confirmation Hearing**

17. The Plan Supplement will be filed with the Clerk of the Bankruptcy Court no later than twenty (20) days prior to the last date by which holders of impaired Claims may vote to accept or reject the Plan.

18. The Confirmation Hearing is scheduled for May 20, 2010 and May 21, 2010, each day beginning at 9:00 a.m. (prevailing Central Time). The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and that the Proposed Plan may be modified pursuant to section 1127 of the Bankruptcy Code prior to, during, or as a result of the Confirmation Hearing, in each case without further notice to parties in interest.

**Notice of the Confirmation Hearing**

19. The Confirmation Hearing Notice is APPROVED.

20. The Debtors shall publish the Confirmation Hearing Notice once not less than ten (10) days before the Objection Deadline to confirmation of the Proposed Plan in *The Wall Street Journal* (National Edition), *The Charlotte Observer*, *USA Today*, *Austin American-Statesman*, *The Orlando Sentinel*, *The Florida Times-Union*, *Tampa Tribune*, *The News-Press*, *The Island Packet*, *Arizona Republic*, *Gaston Gazette*, and *Florida Times Union*.

**Objections to Confirmation of the Proposed Plan**

21. Objections or responses to confirmation of or proposed modifications to the Proposed Plan, if any, shall (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the

Western District of Texas; and (c) set forth the name of the objecting party, the basis for the objection, and the specific grounds therefor.

22. All objections and responses to the confirmation of or proposed modifications to the Proposed Plan shall be filed with the Court no later than the Objection Deadline (May 10, 2010 at 4:00 p.m. (prevailing Central Time)).

23. All objections and responses shall be served, so as to be received no later than May 10, 2010 at 4:00 p.m. (prevailing Central Time), upon: (i) Crescent Resources, LLC, 400 South Tryon, Suite 1300, Charlotte, North Carolina 28285 (Attn: Kevin H. Lambert); (ii) Weil, Gotshal & Manges LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201 (Attn: Martin A. Sosland, Esq. and Michelle V. Larson, Esq.), counsel for the Debtors; (iii) Hohmann, Taube & Summers, L.L.P., 100 Congress Avenue, Suite 1800, Austin, Texas 78701 (Attn: Eric J. Taube, Esq.), co-counsel for the Debtors; (iv) the Office of the United States Trustee for the Western District of Texas, 903 San Jacinto Blvd., Suite 230, Austin, Texas 78701 (Attn: Henry G. Hobbs, Esq.); (v) Moore & Van Allen PLLC, 100 North Tryon Street, Suite 4700, Charlotte, North Carolina 28202 (Attn: Caroline Yingling, Esq.), counsel to BofA, as Agent for the Lenders; (vi) Martinec, Winn, Vickers & McElroy, P.C., 600 Congress Avenue, Suite 500, Austin, TX 78701-2957 (Attn: Joseph D. Martinec, Esq.); and (vii) Haynes and Boone LLP, 1221 Avenue of the Americas, 26th Floor, New York, New York 10020 (Attn: Lawrence Mittman, Esq.).

24. Objections not timely filed and served in accordance with the provisions of this Order shall be overruled on that basis alone.

25. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

26. The Debtor is authorized to make nonsubstantive changes to the Disclosure Statement, Proposed Plan, Ballots, Confirmation Hearing Notice and related documents, without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Package prior to their distribution.

# # #